UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20512-CIV-FAM

ROBERT SARDUY, MARCOS E PACHECO )
BUSTAMANTE, and all others similarly )
situated under 29 U.S.C. 216(b), )
　)
　　　　　Plaintiffs, )
　vs. )
　)
OIL CAN MAN INC., )
EUGENE GARGIULO, )
　)
　　　　　Defendants. )
_____ )

**<u>PLAINTIFF ROBERT SARDUY'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF ROBERT SARDUY'S DISCOVERY AND ALL RESPONSIVE DOCUMENTS, AND FOR SANCTIONS</u>**

COMES NOW the Plaintiff, ROBERT SARDUY, by and through the undersigned, pursuant to S.D.L.R. 26.1 and Federal Rules of Civil Procedure 26(b), 33, 34, and 37(a), and files this above-described Motion to Compel Better Responses to Plaintiffs' Discovery and all responsive documents to same and for Sanctions, and as grounds thereof states as follows:

1. Plaintiff served Defendants with his first set of discovery including Plaintiff's First Request for Admissions, First Request for Production, and First Set of Interrogatories, on April 10, 2018. *See attached* Exhibit "A."

2. Defendants served their Responses to said discovery on May 10, 2018. *See attached* Exhibit "B."

3. As set forth in more detail below, Defendants have objected to discovery germane to Plaintiff's FLSA overtime wage claim and better responses and all responsive documents are needed for Plaintiff to establish a factual record to present to the Court and/or Jury. Plaintiff

should be afforded an opportunity to review documents that would be found in the possession, custody, and control of Defendants so as to adequately prepare for Trial.

4. Having conferred with Defendants and being unable to resolve the following disputes, Plaintiff herein respectfully requests the Court direct Defendants to better respond to Plaintiff's First Request for Production Nos. 1-5, 14-15, 36, and 60, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Plaintiff herein respectfully requests the Court direct Defendants to better respond to Plaintiff's First Set of Interrogatories Nos. 7, 8, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## MEMORANDUM OF LAW

A. **Request for Production:**

Under Fed. R. of Civ. P. 34, parties must respond to request for production within thirty days of being served with the discovery, unless the parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production or inspection.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible."

*Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. Lumbermans Mut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on the party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of

admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014).

In accordance with S.D.L.R. 26.1(i)(2), the following Plaintiff respectfully requests the Court to compel:

> **1. A copy of the <u>Individual Defendants'</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and state of Florida).**
>
> Defendants object to this request as irrelevant, overbroad, violative of privacy interests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants admit that they were covered under the FLSA pursuant to enterprise coverage at all times relevant to this action. As such, no basis exists for this request.

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001).[1] The responsive documents requested in Request No. 1 are directly relevant to assist in demonstrating that Plaintiff was an employee of the individual Defendant as that termed is defined under the FLSA, especially with regards to the schedules attached to said

---

[1] On April 25, 2018, at Defendants' depositions, Defendants stipulated that the Corporate Defendant was Plaintiff's employer for the relevant time period; however, Defendants are contesting that the individual Defendant was Plaintiff's employer for the relevant time period.

filings.

Plaintiff seeks a "copy of the Individual Defendant's federal tax returns for the year[s] 2011, 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and [the] state of Florida)." …. Relatedly, Plaintiff's requests 2 and 3 seek copies of all documents used by Defendant in preparation of Defendant's federal tax returns. **… Plaintiff has met the two prongs identified because the tax returns are, at the very least, relevant to the question of Plaintiff's employment status and impeachment evidence…As such, Plaintiff's Motion is GRANTED."** See, *Chavez v. Arancedo,* Case No.: 17-20003-CIV-EGT [CONSENT CASE] [DE47] (Order on Plaintiff's Motion to Compel) *(emphasis added)*. Further, employers also have the responsibility to withhold taxes and pay social security and Plaintiff should have the opportunity to review the documents with regards to same. Further, said income-reporting documents can be utilized at Trial to inquire about a Defendants' failure to pay income taxes to attack Defendants' credibility under Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility.").The aforementioned responsive financial documents would also reflect what amounts of money they were paying Plaintiff (i.e. W-2/1099 forms). *See Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. Therefore, the Court should direct Defendants to better respond to Request for Production No. 1 and provide

all responsive documents to same.

**2. A copy of the Corporate Defendant's federal tax returns for the year 2014, 2015, 2016, 2017, and 2018, including quarterly reports (filed with both the IRS and state of Florida).**

Defendants object to this request as irrelevant, overbroad, violative of privacy interests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants admit that they were covered under the FLSA pursuant to enterprise coverage at all times relevant to this action. As such, no basis exists for this request.

**3. A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.**

Defendants object to this request as irrelevant, overbroad, violative of privacy interests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants admit that they were covered under the FLSA pursuant to enterprise coverage at all times relevant to this action. As such, no basis exists for this request.

**4. A copy of all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2014, 2015, 2016, 2017, and 2018, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2014, 2015, 2016, 2017, and 2018.**

Defendants object to this request as irrelevant, overbroad, violative of privacy interests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants admit that they were covered under the FLSA pursuant to enterprise coverage at all times relevant to this action. As such, no basis exists for this request.

> **5. All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue by Defendants for the years 2014, 2015, 2016, 2017, and 2018.**
>
> Defendants object to this request as irrelevant, overbroad, violative of privacy interests, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants admit that they were covered under the FLSA pursuant to enterprise coverage at all times relevant to this action. As such, no basis exists for this request.
>
> **60. Any and all documents related to any account into which any of Defendant(s) earnings or other income has been deposited in for the years 2014, 2015, 2016, 2017, and 2018.**
>
> Defendants object to this request as irrelevant, oppressive and violative of privacy interests. Defendants' account information and documents have no bearing on the issues in this case.

Plaintiff reincorporates the law and facts as set forth in Nos. 1 above. Further, undoubtedly, this is relevant to not only the volume of business in relation to the number of hours worked by Plaintiff but is also germane to whether other employees were being paid on an hourly basis, salaried basis, and/or paid overtime for work performed (i.e. Defendant's policy regarding overtime wages, whether all of Defendant's employees were misclassified as independent contractors, etc.). Wage information can lead to discoverable evidence regarding the number of hours Defendant had its workforce on duty which also reflects on its hours of operation and wage policies. Defendants' receipts and underlying documents relied on to file their taxes will likely reflect work orders, delineating various supplies/inventory used by its employees. Therefore, the Court should direct Defendants to better respond to Request for Production No. 2, 3, 4, 5, 60 and provide all responsive documents to same.

> **14. A list of all employees with names, phone numbers and addresses that Defendants has employed during Plaintiff's entire period with Defendants.**

> Defendants object to this request as irrelevant, overbroad and violative of third parties' privacy interests. Defendants have already identified, in response to Interrogatory no. 3 in Plaintiffs' First Set of Interrogatories, all witnesses with "any knowledge of the Hours that the Plaintiff worked for [Defendants] and/or the wages that the Plaintiff received for her/his/their work while employed by [Defendants]." Plaintiffs have no basis for seeking information, including personal contact information, regarding every other employee of Oil Can Man. Further, this request seeks information outside of the relevant period of events (i.e., February 8, 2015 to present).

Plaintiff reincorporates the law and facts as set forth above. Plaintiff should not be barred from having relevant information which can be used in deposing key witnesses because Defendants believe Plaintiff has the information they need from Defendants' cherry-picked witnesses. Fed. R. Civ. P. 26(a)(1) requires Parties to timely disclose, without awaiting discovery, the full name, address, and telephone number of witnesses to be used to support its defenses. Defendants should not be allowed to thwart Plaintiff's ability to conduct discovery and ultimately burn out discovery nor should Plaintiff be surprised at Trial because Defendants are withholding documents relevant to same. If Defendants do not have such a list then they need to amend their Responses to reflect "none." Therefore, the Court should direct Defendants to better respond to Request for Production No. 14 and provide all responsive documents to same.

> **15. All employee income-reporting documents submitted by the Defendants to the Internal Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendant as stated in the complaint.**
>
> The Defendants object to this discovery request in that it is overbroad, seeks irrelevant information because the request seeks information for a period of time that extends beyond the permitted statute of limitations. The instant case was filed on February 9, 2016, which makes the statute of limitations February 9, 2013, if one assumes bad faith according to the Portal-to-Portal Act.

Plaintiffs reincorporate the law and facts as set forth above. Further, said income-

reporting documents can be utilized at Trial to inquire about a Defendants' failure to pay income taxes to attack Defendants' credibility under Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at *3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D. Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at *1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.*, 154 F. Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax return is a matter which affects the witness's credibility."). Therefore, the Court should direct Defendants to better respond to Request for Production No. 15 and provide all responsive documents to same.

> **36. The complete personnel files of each and every employee terminated by the Defendant at the subject facility during the relevant time period.**
>
> Defendants object to this request as irrelevant and violative of third parties' privacy rights. This is not a termination case. The identity of, and contents of personnel files for, employees who have been terminated would have no bearing whatsoever on the claims and defenses in this lawsuit.

Plaintiffs reincorporate the law and facts as set forth above.  Plaintiff needs to show Defendants recklessly or willfully violated the overtime wage laws or their claims could be reduced from the three year limitations period afforded by the FLSA to two years. As to willfulness, s*ee Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). Thus, Plaintiffs are entitled to these documents regarding previous lawsuits concerning Defendants' knowledge of the law in relation to their alleged violations.  As the Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007),

"[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129, (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co.*, 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).

Moreover, imposition of liquidated doubling of the wage damages requires Defendants to demonstrate they acted in good faith. As to good faith, such documents at trial will assist the jury in understanding Defendants' continued practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance. Especially in light of the fact that several of the prior and/or pending lawsuits against Defendants are regarding unpaid overtime and/or minimum wages and/or misclassification of employees as independent contractors and the resulting violations of the applicable Federal and Florida laws. Pursuant to the Eleventh Circuit ruling in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed). While it is true that liquidated damages are decided by the Court post-trial if the Plaintiffs prevail, the Court should permit Plaintiffs to review said documents so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendants acted in good faith. Evidence regarding other lawsuits goes directly to issues related to willful and/or

reckless FLSA violations, which is important relative to the limitations period. Moreover, such evidence impacts the issue of good faith regarding whether liquidated damages will be imposed should Plaintiffs prevail at trial. Therefore, the Court should direct Defendants to better respond to Request for Production No. 36 and provide all responsive documents to same.

## B. Interrogatories:

**7. Please state the name, address, date of birth, social security numbers, and telephone number of all of Defendant's employees and/or independent contractors and/or laborers, that had/have the same and/or similar job title and/or duties as Plaintiff, from the years 2014, 2015, 2016, 2017, and 2018.**

Defendants object to this request as irrelevant, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, violative of third parties' privacy interests and calling for confidential and proprietary information. The identity of, and personal information belonging to, Oil Can Man's other employees has no bearing whatsoever on Plaintiffs' claims for overtime compensation. Defendants have identified, in response to Interrogatory no. 3, all employees "who have any knowledge of the Hours that the Plaintiff worked for [Defendants] and/or the wages that the Plaintiff received for her/his/their work while employed by [Defendants]." Further, the interrogatory seeks information beyond the relevant period of events (i.e., February 8, 2015 to date).

**8. Please state the name, last known address, social security number, date of birth, and last known telephone number(s) of all of Defendant's employees, that worked at the same location Plaintiff worked at during the relevant time period.**

Defendants object to this request as irrelevant, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, violative of third parties' privacy interests and calling for confidential and proprietary information. The identity of, and personal information belonging to, Oil Can Man's other employees has no bearing whatsoever on Plaintiffs' claims for overtime compensation. Defendants have identified, in response to Interrogatory no. 3, all employees "who have any knowledge of the Hours that the Plaintiff worked for [Defendants] and/or the wages that the Plaintiff received for her/his/their work while employed by [Defendants]." Further, the interrogatory seeks information beyond the relevant period of events (i.e., February 8, 2015 to date).

Said information would be relevant and should be disclosed pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 16.1B (initial disclosures). Such information would also be relevant as to how the employees with the same and/or similar job title and/or duties were classified and whether they were paid on an hourly or salary basis and/or their overtime wages. This information is clearly relevant to issues related to interstate commerce as well as Plaintiffs will need to develop record testimony regarding Defendants' employees that had/have the same and/or similar job title and/or job duties as Plaintiff for the relevant years and who were regularly and recurrently engage in the handling of goods of materials that have moved in interstate commerce. *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008) (information related to gross sales is normally in the hands of the Defendant and not the hands of a lower level employee (i.e. Plaintiff)). Analogously, information regarding Defendants' suppliers and/or former/current employees would normally be found in the hands of the Defendant-employer for axiomatic reasons. Therefore, the Court should direct Defendants to better respond to Interrogatory No. 7 and 8.

**C. Sanctions:**

The Court ought to sanction Defendants as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff needs the said Request for Production responses to establish a factual record that can be presented to the Court and/or Jury. Further, Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure 37. The conduct by Defendant in the case at hand can only be considered to have been done in bad faith. *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record).

> The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) re *Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (citing *Chambers*, 501 U.S. at 50).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). Therefore, the Court in the case at hand should only award sanctions if it finds that the actions of Defendant and/or their counsel was done in bad faith. In determining whether a parties' conduct amounts to bad faith, the Court's have stated:

> Bad faith can be found where the court finds that a ". . . fraud has been practiced upon it, or that the very temple of justice has been defiled," where a party delays or disrupts the litigation, or hampers the enforcement of a court order, or where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *See Chambers,* 501 U.S. at 46; *Barnes,* 158 F.3d at 1214 (*citation omitted*). In determining whether sanctions should be awarded under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). In the case at hand, Defendant and Defense counsel have acted in bad faith by refusing to response to request for production and provide responsive documents to requests that

are directly relevant to Plaintiff's claims and Defendant's Answer and Affirmative Defenses. Defendant has effectively succeeded in burning out discovery, thereby prejudicing Plaintiff. As such, reasonable attorney's fees should be awarded to Plaintiff for Defendant's bad faith conduct in answering Plaintiff's discovery

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT DIRECT DEFENDANT TO BETTER RESPOND TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION NOS. NOS. 1-5, 14-15, 36, AND 60, WITHIN ONE WEEK OF THE COURT'S ORDER, THAT DEFENDANTS' OBJECTIONS TO THE DISCOVERY REQUESTS BE DEEMED WAIVED, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK. PLAINTIFF HEREIN RESPECTFULLY REQUESTS THE COURT DIRECT DEFENDANTS TO BETTER RESPOND TO PLAINTIFF'S FIRST SET OF INTERROGATORIES NOS. 7, 8, WITHIN ONE WEEK OF THE COURT'S ORDER, THAT DEFENDANTS' OBJECTIONS TO THE DISCOVERY REQUESTS BE DEEMED WAIVED, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK.

### CERTIFICATE OF CONFERRAL

The undersigned has conferred with Defense Counsel, M. Sean Moyles, Esq., who does not agree to provide better responses and responsive documents.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141

        305-865-6766
        305-865-7167

        By:_s/ Neil Tobak, Esq. ___
        Neil Tobak, Esquire
        Florida Bar No.: 093940

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 5/28/18 TO:**

**M. Sean Moyles
Langston, Hess, Augustine, Hussey & Moyles, P.A.
600 Druid Rd. E.
Clearwater, FL 33756
Ph: 727-479-1900
Fax: 727-479-1901
Email: smoyles@langstonhess.com**

  **BY:_____/s/ Neil Tobak_____
    NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20512-CIV-FAM

ROBERT SARDUY, MARCOS E PACHECO )
BUSTAMANTE, and all others similarly )
situated under 29 U.S.C. 216(b), )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Plaintiffs, )
　vs. )
　　　　　　　　　　　　　　　　　　　 )
OIL CAN MAN INC., )
EUGENE GARGIULO, )
　　　　　　　　　　　　　　　　　　　 )
　　　　　Defendants. )
_____ )

**<u>ORDER GRANTING PLAINTIFF ROBERT SARDUY'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF ROBERT SARDUY'S DISCOVERY AND ALL RESPONSIVE DOCUMENTS, AND FOR SANCTIONS</u>**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1. DEFENDANTS' SHALL BETTER RESPOND TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION NOS. NOS. 1-5, 14-15, 36, AND 60, WITHOUT OBJECTIONS AND PRODUCE ALL RESPONSIVE DOCUMENTS, NO LATER THAN _____, 2018.

2. DEFENDANTS' SHALL BETTER RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES NOS. 7, 8, WITHOUT OBJECTIONS AND PRODUCE ALL RESPONSIVE DOCUMENTS, NO LATER THAN _____, 2018.

3. PLAINTIFF IS HEREBY AWARDED ALL FEES AND COSTS ASSOCIATED WITH THE ABOVE-DESCRIBED MOTION. PLAINTIFF SHALL FILE WITHIN (20) DAYS

OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS _____ DAY OF _____, 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRCIT JUDGE

Copies to: Counsel of Record

Page **17** of **17**